IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Niki White, as Independent Administrator of estate of Tanicialle Brown,<br><br>*Plaintiff*,<br><br>v.<br><br>Douglas Powell, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>) Case No. 3:21-cv-50094<br>)<br>) Magistrate Judge Lisa A. Jensen<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION AND ORDER

For the following reasons, Plaintiff's motion for leave to file a fourth amended complaint [157] is denied. Accordingly, Defendants' motion for leave to file a surreply in opposition to Plaintiff's motion for leave [160] is denied as moot.

### BACKGROUND

In August 2020, Plaintiff Niki White, as independent administrator of the Estate of Tanicialle Brown, filed the instant complaint against Defendants Douglas Powell, T1 Transport Inc. (T1 Transport), and FedEx Ground Package Systems Inc. (FedEx). Dkt. 1. Plaintiff alleges that in January 2020, Defendant Douglas Powell was driving a semi-tractor trailer that was owned and controlled by T1 Transport and/or FedEx. Defendant Powell struck the back of a vehicle driven by Tanicialle Brown, who was fatally injured as a result of the collision. Plaintiff brings claims of negligence and wrongful death against Defendants. Plaintiff's third amended complaint filed on February 9, 2021 is the operative complaint. Dkt. 25. Defendants answered. Dkts. 33–35.

In May 2021, the Court adopted the parties' proposed case management order, which included an amended pleading deadline of October 11, 2021 and a fact discovery deadline of

1

November 11, 2021. Dkt. 47. The Court subsequently extended the parties' discovery deadlines on several occasions. Dkts. 54, 73, 85, 99, 112. This included extending the amended pleadings deadline to July 15, 2022 and the fact discovery deadline to October 18, 2022. Dkts 85, 112. Following the completion of fact discovery, the Court adopted the parties' expert discovery schedule. Dkt. 138. After the Court extended that schedule and allowed Plaintiff to disclose a rebuttal expert, expert discovery was completed by the August 30, 2023 deadline. Dkts. 143, 151, 153–54. At a status hearing on September 5, 2023 to discuss the next steps in the case, Defendants stated their intention to file a motion for summary judgment. Dkt. 154.

On September 22, 2023, Plaintiff filed the instant motion for leave to file a fourth amended complaint. Dkt. 157. The proposed fourth amended complaint seeks to add a claim for negligent supervision against Defendants T1 Transport and FedEx. Defendants filed their response in opposition, raising concerns of undue delay, undue prejudice, futility, and dilatory motive. Dkt. 158. Plaintiff filed a reply. Dkt. 159. On November 2, 2023, Defendants filed a motion for leave to file a surreply. Dkt. 160.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, other than when a party amends its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, when a scheduling order has been entered and the deadline to file amended pleadings has passed, the party

2

seeking an amendment must first demonstrate good cause under Rule 16(b)(4) before Rule 15(a)'s more liberal standard for amendment applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Plaintiff filed her motion for leave to file a fourth amended complaint on September 22, 2023, which is well beyond the July 15, 2022 amended pleadings deadline set in this case. Accordingly, Plaintiff must first show good cause for amending the scheduling order under Rule 16(b)(4). *See Alioto*, 651 F.3d at 719. The Seventh Circuit has stated that, when "making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*. at 720. "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial." *Id*. (internal quotations omitted).

In her motion, Plaintiff does not address good cause under Rule 16(b)(4) or even mention the July 15, 2022 amended pleadings deadline. Instead, Plaintiff addresses the factors relating to amending under Rule 15(a), focusing largely on the evidentiary basis to support her fourth amended complaint. In support of diligence, Plaintiff states only that "[d]iscovery was not completed until August 30, 2023 and Plaintiff has acted diligently in seeking this amendment. There is no prejudice or surprise in allowing the proposed amendments as the operative facts giving rise to the proposed amendment have always been known to the defense and … has been addressed frequently throughout discovery." Dkt. 157 at 6. However, a "[l]ack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Downing v. Abbott Laboratories*, No. 15 C 05921, 2017 WL 4535973, at *3 (N.D. Ill. Oct. 11, 2017).

Additionally, Plaintiff has not shown diligence in seeking to amend at this stage of the case. Plaintiff admits that her motion was filed after the close of discovery, but it was expert discovery that was completed on August 30, 2023. Fact discovery closed nearly a year earlier on October 18, 2022. This is an important distinction because Plaintiff seeks to add allegations of negligent supervision to the complaint based upon evidence "addressed frequently throughout discovery." Dkt. 157 at 6. Specifically, Plaintiff argues that evidence was produced during discovery that the truck driven by Defendant Powell should have been equipped with a computerized video monitoring system but was not. Plaintiff argues that such evidence supports the allegation that T1 Transport and FedEx acted unreasonably because the video monitoring system at issue was designed to assist the employer in supervising its drivers and was required to have been installed pursuant to the contract between FedEx and T1 Transport. However, Plaintiff does not dispute that the evidence she relies on, namely deposition testimony and the contract between FedEx and T1 Transport, was produced before the close of fact discovery, and that some of this evidence was produced months before the July 15, 2022 amended pleadings deadline.

"A party meets the good cause standard if it promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Downing*, 2017 WL 4535973, at *4 (internal quotation marks and citation omitted). Plaintiff makes no attempt to explain why despite being aware of the evidence supporting the newly asserted allegations, she waited well over a year before seeking leave to amend her complaint. Accordingly, this Court cannot say that Plaintiff was diligent in seeking to amend her complaint. *See Centurylink Communications, LLC v. Peerless Network, Inc.*, No. 18-CV-3114, 2019 WL 13076639, at *1 (N.D. Ill. Oct. 1, 2019) (denying leave to amend where "Plaintiffs were, or should have been, aware of the facts underlying these newly asserted allegations with more than sufficient time to properly seek leave to amend.").

4

"[T]he overarching logic of Rule 16 [is] to ensure that 'at some point both the parties and the pleadings will be fixed.'" *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019) (citing Rule 16 advisory committee's note to 1983 amendment). This case is over three years old, and Plaintiff filed her motion for leave to amend more than a year after the amended pleadings deadline and the close of fact discovery. The parties have completed expert discovery, and Defendants are ready to proceed with summary judgment briefing. For all these reasons, the Court finds that Plaintiff has not demonstrated good cause for extending the amended pleadings deadline under Rule 16(b)(4). Accordingly, it is unnecessary for the Court to evaluate Plaintiff's motion under Rule 15(a)'s more liberal standard for amendment. *See CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) ("To amend a pleading after the expiration of the trial court's [s]cheduling [o]rder deadline to amend pleadings, the moving party must show 'good cause.'") (citation omitted); *DR Distributors, LLC*, 2019 WL 556496, at *3 ("[W]hen a motion to amend a pleading comes after a case management order is entered, Rule 16(b)(4)'s 'good cause' standard must be satisfied *before* a court considers whether Rule 15(a)(2)'s standards are satisfied.") (emphasis in original) (citations omitted).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file a fourth amended complaint [157] is denied. Accordingly, Defendants' motion for leave to file a surreply in opposition to Plaintiff's motion for leave [160] is denied as moot.

Date: November 6, 2023     By: *Lisa A. J.*
　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　United States Magistrate Judge

5